**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

BOGDANA ALEXANDROVNA
MOBLEY,

    Defendant - Appellant.

No. 17-3234
(D.C. No. 6:17-CR-10142-EFM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **LUCERO** and **MATHESON**, Circuit Judges.
_____

    Bogdana Alexandrovna Mobley has been charged with international parental

kidnapping in violation of 18 U.S.C. § 1204. She appeals from the district court's

order affirming the magistrate judge's pretrial detention order. Exercising

jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3145(c), we remand for further

proceedings.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.     Background

Mobley is a 36-year-old woman with dual citizenship in Russia and the United States.  She has one child from her first marriage and two children from her second marriage.  In April 2014, in the midst of contentious divorce and custody proceedings with her second husband, Mobley took her children from Kansas to Russia; at the time, she was pregnant with their second child together, who was born in Russia.  Mobley lived there with the children for over three years in violation of court orders issued in her domestic case, which gave her husband joint legal and shared residential custody pending the dissolution of their marriage.  In September 2017, Mobley left the children with relatives and returned to file child-support paperwork in Kansas, where she was arrested by the FBI.  The children remain in Russia.

At Mobley's initial appearance before the magistrate judge, the government moved for detention under 18 U.S.C. § 3142(f)(1)(E) of the Bail Reform Act.[1]  The magistrate judge conducted a detention hearing and ordered pretrial detention.  The detention order, which takes the form of a checklist, concludes that the government proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure Mobley's appearance as required.

Mobley filed a motion to reconsider detention, which referenced "a comprehensive release plan" under which she would live with her parents in the United States and surrender her passports to the probation office.  Aplt. App. at 15.

---

[1] In previous briefs, the government stated that it also moved for detention under § 3142(f)(2)(A) and (f)(2)(B), but the magistrate judge's order does not reference those provisions.

The magistrate judge denied the motion to reconsider, citing the strong weight of the evidence against Mobley and her failure to convince the court that she is not a flight risk. Mobley then sought review of the detention order through a motion for revocation under 18 U.S.C. § 3145(b). The district court held a hearing and orally affirmed the magistrate judge's order after finding that Mobley presents a serious flight risk. Mobley now appeals the detention order.

## II.    Analysis

The Bail Reform Act, 18 U.S.C. § 3142, sets out the framework for evaluating whether pretrial detention is appropriate. In general, persons charged with a crime are not detained pretrial. *See id.* § 3142(b); *see also United States v. Salerno*, 481 U.S. 739, 755 (1987) ("In our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception."). But a defendant may be detained pending trial if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). A judicial officer may make such a finding only after holding a hearing under § 3142(f). *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence. *Id.*

Under § 3142(g), the judicial officer must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including

3

whether the offense . . . involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g). A detention order must include "written findings of fact and a written statement of the reasons for the detention," *id.* § 3142(i), but a reviewing district court can state its reasons for detention "in writing, or orally on the record," Fed. R. App. P. 9(a). A district court conducts a de novo review of the magistrate judge's order. *Cisneros*, 328 F.3d at 616 n.1.

Mobley opposes the pretrial detention order on three grounds: (1) the government did not meet its burden to establish that no condition or combination of conditions could assure her appearance at trial; (2) the district court did not properly consider the § 3142(g) factors and whether any release conditions could assure Mobley's appearance at trial; and (3) the district court failed to consider Mobley's statutory affirmative defense that she "was fleeing an incidence or pattern of domestic violence," *see* 18 U.S.C. § 1204(c)(2), when it considered "the weight of the evidence against" her under § 3142(g)(2).

We review the district court's ultimate pretrial detention decision de novo because it presents mixed questions of law and fact. *Cisneros*, 328 F.3d at 613. However, we review the underlying findings of fact for clear error. *Id.* Applying this standard, we conclude the district court's ruling was insufficient under § 3142.

The record does not contain a transcript of the initial detention hearing, so we are unable to assess whether the government met its burden to establish that no

4

condition or combination of conditions could assure Mobley's appearance at trial. It is clear from the record, though, that neither the magistrate judge nor the district court provided sufficient findings to justify pretrial detention.

The initial detention order does not adequately address the § 3142(g) factors or Mobley's proposed release conditions. The magistrate judge checked a box indicating that the government proved "[b]y a preponderance of the evidence that no condition or combination of conditions will reasonably assure the defendant's appearance as required," Aplt. App. at 13, with very little supporting analysis and no discussion of why the proposed release conditions could not assure Mobley's appearance at trial. The order contains only scattered, cursory references to the first three § 3142(g) factors and does not mention the fourth. *See, e.g.*, *id.* at 14 ("The nature of these charges weigh in favor of the Government for purposes of detention.") (first factor); *id.* at 13 (box checked next to "[w]eight of evidence against the defendant is strong") (second factor); *id.* at 14 ("Defendant is alleged to have fled the jurisdiction of a competent court. As the Court does not have sufficient information about the Defendant's background, it is concerned she will also flee this Court's jurisdiction.") (third factor). In addition, there is no mention of Mobley's affirmative defense that she was "fleeing an incidence or pattern of domestic violence," *see* 18 U.S.C. § 1204(c)(2), despite its potential effect on the weight of the evidence against her.

The district court's consideration of the § 3142(g) factors during the review hearing was also incomplete. It affirmed the detention order based solely on the

5

nature of Mobley's offense (i.e., a flight out of the country), her history of noncompliance with court orders, and the court's fear that she would flee again. It did not consider whether any release conditions would assure Mobley's appearance at trial—even though she offered to submit to electronic monitoring, to have her parents pay a bond, and to turn in both her American and Russian passports. It declared only that it was "not a huge fan of electronic monitoring because [it sees] those cut off all the time," Aplt. App. at 54. It then referenced Mobley's "demonstrated history to not comply with court orders and to flee," together with her Russian citizenship, and stated that no conditions or combination of conditions would assure her appearance in court. *Id.* at 60.

The district court also erred in failing to consider Mobley's affirmative defense to international kidnapping as part of its analysis of the second § 3142(g) factor. At the hearing on the motion to revoke, Mobley clearly articulated her position that prior abuse by her ex-husband constituted an affirmative defense to the kidnapping charge. She referenced two police reports filed against him (one on August 3, 2013, for rape, and one on December 5, 2013, for domestic violence) and claimed those reports were substantiated by photographs of bruised wrists and evidence of threats. The district court did not evaluate whether the allegations of abuse might support a valid affirmative defense. To the contrary, it repeatedly discounted their relevance, referring to Mobley's flight as "self-help" and "vigilante justice." Aplt. App. at 38-39, 42; *see also id.* at 46-48, 55 (admonishing that Mobley

6

should have pursued abuse charges against her ex-husband in the American court system, "not flee the country").

### III.    Conclusion

For the foregoing reasons, we remand for the district court to issue findings of fact and to explain the reasoning behind the detention decision or, alternatively, to order Mobley's pretrial release subject to appropriate conditions.

Entered for the Court
Per Curiam

7